ACCEPTED
03-15-00620-CR
7425375
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/19/2015 9:12:20 AM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00620-CR

## IN THE COURT OF APPEALS
## FOR THE
## THIRD SUPREME JUDICIAL DISTRICT OF TEXAS
## AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/19/2015 9:12:20 AM
JEFFREY D. KYLE
Clerk

## NO. D-1-DC-09-900185-CR

## IN THE 167TH DISTRICT COURT
## OF TRAVIS COUNTY, TEXAS

## STATE OF TEXAS,
## APPELLANT

## V.

## DENNIS DAVIS,
## APPELLEE

## APPELLEE'S MOTION TO DISMISS THE STATE'S APPEAL

**LINDA ICENHAUER-RAMIREZ**
**ATTORNEY AT LAW**
**1103 NUECES**
**AUSTIN, TEXAS  78701**
**TELEPHONE:  512-477-7991**
**FACSIMILE 512-477-3580**
**EMAIL:  LJIR@AOL.COM**
**SBN:  10382944**

**ATTORNEY FOR APPELLEE**

TO THE HONORABLE THIRD COURT OF APPEALS:

COMES NOW, Dennis Davis, Appellee, by and through his attorney of record, Linda Icenhauer-Ramirez, and files this his Motion to Dismiss the Appeal and in support thereof, would show the Court the following:

## I.

That the above-styled and numbered cause is styled The State of Texas v. Dennis Davis, Cause Number D-1-DC-09-900185-CR in the 167th Judicial District Court of Travis County, Texas. On September 9, 2015, the trial court signed and filed an Order Setting Aside Indictment For Failure to Afford Constitutional Right to a Speedy Trial. (C.R. 684) On September 10, 2015, the trial court signed and filed its Findings of Fact and Conclusions of Law Regarding Defendant's Motion to Set Aside for Violation of Sixth Amendment. (C.R. 685-691)

## II.

The murder with which appellee was charged occurred o/a October 13, 1985. Twenty-four years later, in June of 2009, appellee was indicted for that murder. Two years later, appellee was tried and convicted of murder and assessed a prison sentence of thirty-six years imprisonment. That conviction was reversed on appeal and remanded back to the trial court by the Third Court of Appeals because of ineffective assistance of counsel.

Davis v. State, 413 S.W.3d 816 (Tex.App.-Austin, pet. ref.) on August 30, 2013.

## III.

On November 19, 2014, appellee filed a Motion to Set Aside Indictment For Failure to Afford a Constitutional Right to Speedy Trial. (C.R. 204-399). A Second Motion to Set Aside Indictment For Failure to Afford a Constitutional Right to Speedy Trial was filed on July 14, 2015. (C.R. 455-678) On September 9, 2015, the trial court granted appellee's motion. (C.R. 684) On September 10, 2015, the trial court signed and filed its Findings of Fact and Conclusions of Law Regarding Defendant's Motion to Set Aside for Violation of Sixth Amendment. (C.R. 685-691) On September 30, 2015, the State filed a written notice of appeal. This notice of appeal stated that the State sought to appeal the order dismissing the indictment and saying that a copy of that order was attached to the notice of appeal. Attached to this notice of appeal was a copy of the trial court's Findings of Fact and Conclusions of Law Regarding Defendant's Motion to Set Aside for Violation of Sixth Amendment (C.R. 754-762) On October 1, 2015, the State filed another notice of appeal saying that the State sought to appeal the order dismissing the indictment and saying that a copy of that

order was attached to the notice of appeal. Attached to this notice of appeal was a copy of the trial court's Order Setting Aside Indictment For Failure to Afford Constitutional Right to Speedy Trial. (C.R. 764)

**IV.**

**THE STATE'S APPEAL MUST BE DISMISSED BECAUSE UNDER ART. 44.01, V.A.C.C.P, THE STATE HAS NO RIGHT TO APPEAL A TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW AFTER AN INDICTMENT HAS BEEN SET ASIDE.**

Art. 44.01, V.A.C.C.P. gives the State a limited right to appeal an order of a court in a criminal case. The State may appeal from an order that:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

(2) arrests or modifies a judgment;

(3) grants a new trial;

(4) sustains a claim of former jeopardy;

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case; or

(6) is issued under Chapter 64.

In this cause, the State seeks to appeal the trial court's findings of fact and conclusions of law regarding its order setting aside the indictment because of

4

the denial of appellee's right to a speedy trial.    Art. 44.01, V.A.C.C.P. Such an order is not one of those listed in Art. 44.01 and thus does constitute the type of order the State can appeal.

On October 15, 2015, the State filed a motion to consolidate the appeal in this cause with the State's appeal in Cause No. 03-15-00616-CR, an appeal from the trial court's dismissal of the indictment.   In its motion to consolidate, the State asserted that as part of the appeal from the order of dismissal, the State "intends to challenge the factual findings and legal conclusions that are set forth in the Findings."   Again, such a challenge to the trial court's findings of fact and conclusions of law is not one of the narrow grounds of appeal afforded by Art. 44.01, V.A.C.C.P.   Appellee asserts that consolidation of this appeal with Cause No. 03-15-00616-CR is not the proper remedy for the State's error.

Because the legislature did not give the State the right to appeal a trial court's findings of fact and conclusions of law, the proper remedy is to dismiss this appeal.

**V.**

**THE STATE'S SECOND NOTICE OF APPEAL SHOULD BE STRUCK BECAUSE IT FAILS TO COMPLY WITH TEX.R.APP.PROC. 25.2(F).**

Appellant acknowledges that the State filed a second notice of appeal

in this cause purporting to appeal the trial court's order dismissing the indictment. Appellant asserts that this second notice of appeal should be struck in that the State's second notice of appeal is not in compliance with Tex.R.App.Proc. 25.2(f) in that it was not filed as an amended notice of appeal.

WHEREFORE, PREMISES CONSIDERED, appellee respectfully requests that this Honorable Court dismiss the State's appeal in this cause.

Respectfully Submitted,

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ
Attorney at Law
1103 Nueces
Austin, Texas 78701
(512) 477-7991
FAX #: (512) 477-3580
SBN: 10382944
EMAIL: ljir@aol.com

ATTORNEY FOR APPELLEE

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion was computer generated and contains 1092 words, as calculated by the word count function on my computer.

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ

6

## CERTIFICATE OF SERVICE

I, Linda Icenhauer-Ramirez, hereby certify that a true and correct copy of the foregoing Appellee's Motion to Dismiss the State's Appeal was e-served to Scott Taliaferro of the Travis County District Attorney's Office on this the 19th day of October, 2015.

/s/ Linda Icenhauer-Ramirez
LINDA ICENHAUER-RAMIREZ